## Reeves v. Thompson.

March 22, 1949.
Rehearing denied May 31, 1949.

R. W. Keenon for appellant.

I. J. Miller for appellee.

OPINION OF THE COURT BY JUDGE HELM—Affirming.

Appellant in his petition alleges that the appellee, through his employee, negligently permitted a ladder owned by appellee to be placed in such a position as to cause the ladder to slip and that he negligently failed to properly protect the appellant while he was descending the ladder; that this resulted in appellant's falling to the ground while descending from the roof of a building, thereby causing him severe injuries, for which he seeks $20,000 damages.

Upon a trial in the circuit court, the jury returned a verdict for the defendant. This is an appeal from the judgment entered on that verdict.

Appellant, Ernest B. Reeves, owns a filling station on Vine Street in Lexington. Appellee, H. B. Thompson, is a contractor specializing in the building and repair of roofs on houses and business properties. Appellee repaired the roof on appellant's Vine Street property in June, 1947. Later some leaks developed. Reeves called Thompson about this. Thompson came with his roofing man, Cline, to inspect the roof August 12, 1947.

Thompson and Cline brought an extension ladder with them. When they came, Cline went upstairs, where Reeves was working in the building. From the inside Reeves pointed out the leaks or wet spots to Cline. They then went downstairs.

Cline had adjusted the ladder against the water table, which extended out from the building about three feet. Reeves climbed up to the first level of the roof. Cline followed him. There was an offset in the roof. Cline again adjusted the ladder and Reeves went up to the second level of the roof. Cline followed him. Reeves showed him the leaks. Cline called to Mr. Thompson and told him that he couldn't fix the leaks at that time because the roof was too wet. Thompson told Reeves to "wait until it dried out a little and we will come back and fix it up." Cline, when asked how Reeves reacted to this, said, "I guess not very good. He didn't seem to like it so much."

Cline again adjusted the ladder to descend from the second level to the first level and then from the first

level of the roof to the concrete at the street level. Cline says that when he let the ladder down to the street, he put it out over the water table and that put it out of his reach; that he was standing on the roof and Reeves on the water table; that before he got over to the water table, "Reeves stepped over to the ladder and started down and fell before I could say anything to stop him. He stepped down and fell." On cross-examination Cline said, "I was going to steady it, but he jumped over and started down. * * * He stepped on it right quick and started down before I could do anything. * * * I was going to set it where it should be to go down, but I didn't get a chance. * * * You know a person can do something real quick like that and you can't say a thing to stop 'em until it's done, and that is just what he did." Cline was asked, "You knew that ladder was setting in an unsafe manner, didn't you?" He answered, "Yes, and he knowed it too." Cline says he didn't tell Mr. Reeves to go up on the ladder; that, "I didn't say go."

Reeves states that Cline was not holding the ladder when he started to climb down to the street level. When asked, "Why didn't you wait for him to hold it, if you thought it was necessary for someone to hold it? Why did you step on it? What was your hurry?" Reeves answered, "I didn't think it was necessary." Reeves was asked, "If you had taken time to look, couldn't you have seen how the ladder was set?" Reeves answered, "It is possible. I wasn't paying much attention."

Reeves testified that Thompson asked him to go up on the building and point out the leaks to Cline. Thompson says this was a part of the work of his roofing man and that he did not ask Reeves to go up on the roof.

Cline says the roof was wet. Reeves says the roof was not. Reeves says that he asked Thompson to go up on the roof. Thompson says that he did not.

Cline says Reeves appeared to be angry because the roof was not repaired at that time. Reeves denies that he was angry.

Reeves fell onto the concrete and sustained a fracture of the first lumbar vertebra.

Appellant complains: (1) That the trial court erred in giving instructions offered by appellee; and (2) that

the verdict is against the law and the evidence and the weight of the evidence.

Appellant offered the following instruction, which the court gave:

"It was the duty of the defendant, his agents and employees, at the time and place referred to in the evidence, to exercise ordinary care to furnish the plaintiff with a reasonably safe ladder for use in inspecting the roof of the building referred to in the evidence, and it was their further duty to place said ladder in such a position as would permit the plaintiff to descend from the roof of the building in safety, and it was their further duty to properly protect the plaintiff while using said ladder.

"Now if you believe from the evidence that while the plaintiff was acting under the direction of the defendant, said ladder was caused to slip, which resulted in the plaintiff's injuries, then you will find for the plaintiff. Unless you so believe, you will find for the defendant."

Appellee offered the following instruction, which the court gave:

"The court instructs the jury that it was the duty of the plaintiff, Reeves, to use ordinary care for his own safety when descending from the roof of the building mentioned in the evidence and if the jury believe from the evidence that the plaintiff, Reeves, saw, knew, or might, by the exercise of ordinary care, have seen or known that the ladder was not in proper position and thereby have prevented the injury, and he failed to do so, and so contr'buted to his own injury and but for his own carelessness and negligence the accident and injury complained of in the petition would not have occurred, then the law is for the defendant, Thompson, and the jury will so find."

Appellant, of course, is bound by the instruction which he offered. We find no error substantially prejudicial to appellant's rights in the instruction on contributory negligence. The instructions properly and fully presented the case to the jury. The testimony was highly conflicting. The jury saw and heard the witnesses

and they are the judges of the weight and credibility of the testimony. The verdict of the jury was for appellee. No reversible error has been called to our attention.

The judgment of the circuit court is affirmed.